**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1. Debtor's name** | KidKraft Partners, LLC | |

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

2 6 – 4 1 5 3 2 6 8

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4630    Olin Road | |
| Number    Street | Number    Street |
| | P.O. Box |
| Dallas        TX    75244 | |
| City    State    ZIP Code | City    State    ZIP Code |
| Dallas | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | City    State    ZIP Code |

**5. Debtor's website (URL)**   https://www.kidkraft.com

| Debtor | KidKraft Partners, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>4</u>  <u>2</u>  <u>3</u>  <u>9</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    KidKraft Partners, LLC
_____    Case number (if known)_____
          Name

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No

   ☐ Yes.  District _____  When _____  Case number _____
                                                MM / DD / YYYY

           District _____  When _____  Case number _____
                                                MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor    See Rider 1    Relationship _____

            District _____    When _____
                                                                   MM / DD / YYYY

            Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____
                              City                                State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

█ **Statistical and administrative information**

---

| Debtor | KidKraft Partners, LLC | Case number (if known) |
|---|---|---|
| | Name | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☑ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/10/2024
            MM / DD / YYYY

✗ /s/Geoffrey Walker _____          Geoffrey Walker _____
Signature of authorized representative of debtor          Printed name

Title  Chief Executive Officer _____

---

| Debtor | KidKraft Partners, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/William L. Wallander

Signature of attorney for debtor

Date  05/10/2024

MM  / DD / YYYY

William L. Wallander

Printed name

Vinson & Elkins, LLP

Firm name

2001       Ross Avenue        Suite 3900

Number      Street

Dallas                          TX        75201

City                      State      ZIP Code

(214) 220-7905                 bwallander@velaw.com

Contact phone                  Email address

20780750                       TX

Bar number                     State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the
<u>Debtor in the United States Bankruptcy Court for the Northern District of Texas</u>**

| |
|---|
| KidKraft, Inc. |
| KidKraft Europe, LLC |
| KidKraft Intermediate Holdings, LLC |
| KidKraft International Holdings, Inc. |
| KidKraft Partners, LLC |
| KidKraft International IP Holdings, LLC |
| Solowave Design Corp. |
| Solowave Design Holdings Limited |
| Solowave Design Inc. |
| Solowave Design LP |
| Solowave International Inc. |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. [●]** |
| | § | |
| **KIDKRAFT PARTNERS, LLC** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| | § | |

**CORPORATE OWNERSHIP STATEMENT (RULES 1007(A)(1) AND 7007.1)**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following are corporations, other than the debtor or a governmental unit, that directly own 10% or more of any class of the corporation's equity interests:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| KidKraft International Holdings, Inc. | 4630 Olin Road Dallas, Texas 75244 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. [●]** |
| | § | |
| **KIDKRAFT PARTNERS, LLC** | § | **(Chapter 11)** |
| | § | |
| **Debtor.** | § | **(Joint Administration Requested)** |
| | § | **(Emergency Hearing Requested)** |
| | § | |

---

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(A)(3))**

---

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all known holders having a direct or indirect ownership interest of the above captioned debtor in possession:

| Corporate Equity Holder(s) | Address of Corporate Equity Holder(s) | Percentage of Equity Held |
|---|---|---|
| KidKraft International Holdings, Inc. | 4630 Olin Road Dallas, Texas 75244 | 100% |

| Fill in this information to identify the case: |
| --- |
| Debtor name: KidKraft, Inc. et al. |
| United States Bankruptcy Court for the Northern District of Texas |
| Case number (if known): _____ |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *Insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor along the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  WALMART INC.  C/O BANK OF AMERICA PO BOX 500787 ST LOUIS, MO 63150-0787 | PHONE: +1-501-273-4000 EMAIL: BAT-US-AR@SAPPR4.WAL-MART.COM | TRADE PAYABLE | | | | $5,319,143.84 |
| 2  MIDOCEAN PARTNERS IV, L.P.  245 PARK AVENUE 38TH FLOOR NEW YORK, NY 10167 | PHONE: +1-212-497-1400 EMAIL: INVESTORRELATIONS@MIDOCEANPARTNERS.COM | SUBORDINATED NOTE DUE 2025 | | | | $5,000,000.00 |
| 3  HUANGYAN IMPORT AND EXPORT CORPORATION ZHEJIANG  NO. 118 LAODONG NORTH ROAD, GENERAL CHAMBER OF COMMERCE BUILDING, 7TH FLOOR HUANGYAN, TAIZHOU CITY ZHEJIANG PROVINCE, CHINA 318020 | ATTN: MARY CHENG PHONE: +86-576-84219651 EMAIL: SNOW@SPACEWATERBOTTLE.COM  -AND-  ATTN: MARCY YANG PHONE: +86-576-8411-2808 EMAIL: WATER@SPACEWATERBOTTLE.COM | TRADE PAYABLE | | | | $2,870,839.82 |
| 4  HEZE ZHONGRAN WOODWARE CO., LTD.  EASTERN SIDE, SOUTHERN SECTION, JINXIN ROAD ZHUANGZHAI TOWN, CAO COUNTY, HEZE CITY, SHANDONG PROVINCE, CHINA 274404 | PHONE: +86-530-3761318 EMAIL: DINGWEIBO@HZ-JINRAN.COM | TRADE PAYABLE | | | | $2,450,116.16 |
| 5  TAIZHOU TOYLAND CO., LTD.  4202-21 BUILDING 4, QINGCHUANG AREA CROSS-BORDER E-COMMERCE INDUSTRIAL PARK, NO. 638 DONGHUANG ROAD TAIZHOU CITY ZHEJIANG PROVINCE, CHINA 215300 | PHONE: +86-576-8867-3593 / +86-138-0658-8069 EMAIL: WILLIAM88069@HOTMAIL.COM / SALE1@CHINATOYLAND.COM | TRADE PAYABLE | | | | $1,566,212.34 |

Debtor ___KidKraft, Inc. et al._____ Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 MIDOCEAN US ADVISOR LP<br><br>245 PARK AVENUE<br>38TH FLOOR<br>NEW YORK, NY 10167 | ATTN: DAN RYAN<br>PHONE: +1-212-497-1400<br>EMAIL:<br>DRYAN@MIDOCEANPARTNERS. COM /<br>INVESTORRELATIONS@MIDOCE ANPARTNERS.COM | MANAGEM ENT SERVICES | | | | $1,258,217.97 |
| 7 FUJIAN SHUNCHANG SHENG SHENG WOOD INDUSTRY LTD., CO.<br><br>MO WU INDUSTRIAL DISTRICT, YUANKENG SHUNGCHANG COUNTY FUJIAN PROVINCE, CHINA 353200 | ATTN: BRENDA CAI<br>PHONE: +86-151-5920-1896<br>EMAIL: BRENDA@FJSSRX.COM<br><br>-AND-<br><br>PHONE: +86-155-0691-3517<br>EMAIL:<br>HOMEGARDEN@FOXMAIL.COM<br><br>-AND-<br><br>PHONE: +86-186-5019-1555<br>EMAIL: LEO@FJSSRX.COM | TRADE PAYABLE | | | | $1,029,463.27 |
| 8 HEZE JINRAN WOODWARE CO., LTD.<br><br>INDUSTRIAL ZONE ZHUANGZHAI TOWN CAO COUNTY, HEZE CITY SHANDONG PROVINCE, CHINA 274400 | PHONE: +86-530-3761318<br>EMAIL: DINGWEIBO@HZ-JINRAN.COM | TRADE PAYABLE | | | | $948,485.79 |
| 9 ZHEJIANG NENGFU TOURIST PROD. CO.<br><br>NO. 77, ZHONGSHANDONG ROAD, INDUSTRIAL AREA LONGQUAN CITY ZHEJIANG PROVINCE, CHINA 323700 | ATTN: AMY ZHOU<br>PHONE: +86-139-0578-5372<br>EMAIL:<br>AMY@NENGFUCHINA.COM | TRADE PAYABLE | | | | $843,595.28 |
| 10 KPMG LLP<br><br>500 ROSS STE., ROOM 0940<br>PITTSBURGH, PA 15262 | ATTN: JONATHAN ROBERTS<br>PHONE: +1-949-885-5400<br>EMAIL:<br>JHROBERTS@KPMG.COM | ACCOUNTI NG SERVICES | | | | $838,926.35 |
| 11 TAIZHOU SUNRISE INTERNATIONAL CO., LTD<br><br>ROOM 916, XINTAI PLAZA, 168 SQUARE, TAIZHOU CITY ZHEJIANG PROVINCE, CHINA 318000 | PHONE: +86-138-0658-8069<br>EMAIL:<br>WILLIAM88069@HOTMAIL.COM /<br>WILLIAM@CHINATOYLAND.CO M | TRADE PAYABLE | | | | $808,934.80 |
| 12 META PLATFORMS, INC. (F/K/A FACEBOOK, INC.)<br><br>1601 WILLOW RD<br>MENLO PARK, CA 94025 | PHONE: +1-650-853-1300<br>EMAIL: CESARG@FB.COM | TRADE PAYABLE | | | | $759,532.91 |
| 13 APORIA<br><br>JINGYANG INDUSTRIAL PARK, SHANG DIAN VILLAGE JING YANG TOWN, RONGQIAO DEVELOPMENT ZONE, FUQING CITY FUJIAN PROVINCE, CHINA 350304 | JINGYANG INDUSTRIAL PARK, SHANG DIAN VILLAGE JING YANG TOWN, RONGQIAO DEVELOPMENT ZONE, FUQING CITY FUJIAN PROVINCE, CHINA 350304 | TRADE PAYABLE | | | | $708,031.57 |

Debtor    KidKraft, Inc. et al.                            Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 KONG RICHS FURNITURE VIET NAM CO LTD.<br><br>LOT F7. F8, N5 ROAD, NAM TAN UYEN INDUSTRIAL EXPANDED, HOI NGHIA WARD, TAN UYEN TOWN<br>BINH DUONG PROVINCE, VIETNAM 75000 | PHONE: +84-366-626-739<br>EMAIL: MENRICHS_4@163.COM | TRADE PAYABLE | | | | $673,687.76 |
| 15 JIASHAN YUNJIA HANDCRAFT CO., LTD.<br><br>ROOM 201, BUILDING 1, NO. 2358, RENMIN ROAD, STREET LUOXING<br>JIASHAN COUNTY, JIAXING CITY<br>ZHEJIANG PROVINCE, CHINA 314100 | ROOM 201, BUILDING 1, NO. 2358, RENMIN ROAD, STREET LUOXING<br>JIASHAN COUNTY, JIAXING CITY<br>ZHEJIANG PROVINCE, CHINA 314100 | TRADE PAYABLE | | | | $662,798.28 |
| 16 DISNEY | ATTN: STEPHANIE MELENDEZ<br>EMAIL: STEPHANIE.M.MELENDEZ@DISNEY.COM | TRADE PAYABLE | | | | $618,129.77 |
| 17 ZHEJIANG XINYUN WOOD INDUSTRY GROUP CO., LTD.<br><br>NO. 378 ZHONG SHAN ROAD, YUNHE COUNTY<br>ZHEJIANG PROVINCE, CHINA 323600 | PHONE: +86-139-6704-1948 / +86-0578-513-6299<br>EMAIL: INFO@ZJXINYUN.COM | TRADE PAYABLE | | | | $593,018.77 |
| 18 GO SPORTS ENTERPRISE CO., LTD.<br><br>7F-1, NO. 243, SEC. 1, FU HSIN SOUTH ROAD, TAIPEI CITY, TAIWAN 11012 | PHONE: +886-2-2706-3896<br>EMAIL: SDING@GOSPORTS.COM.TW | TRADE PAYABLE | | | | $486,708.36 |
| 19 HUIZHOU CITY XIANGSHENG WOODWORK CO. LTD.<br><br>THE FIRST INDUSTRIAL DISTRICT OF ECO-INDUSTRIAL PARK, HUAGUO VILLAGE, XINXU TOWN<br>HUIYANG DISTRICT, HUIZHOU CITY<br>GUANGDONG PROVINCE, CHINA 516226 | THE FIRST INDUSTRIAL DISTRICT OF ECO-INDUSTRIAL PARK, HUAGUO VILLAGE, XINXU TOWN<br>HUIYANG DISTRICT, HUIZHOU CITY<br>GUANGDONG PROVINCE, CHINA 516226 | TRADE PAYABLE | | | | $473,287.75 |
| 20 CARGOMATIC INC.<br><br>PO BOX 8350<br>PASADENA, CA 91109-8350 | PHONE: +1-562-254-7151 / +1-866-513-2343<br>EMAIL: REMIT@CARGOMATIC.COM | TRADE PAYABLE | | | | $408,517.50 |
| 21 FUJIAN THREE DIMENSIONAL WOOD INDUSTRY CO., LTD<br><br>BAILU INDUSTRIAL PARK, DONGPING VILLAGE, DONGPING TOWN, ZHENGHE COUNTY<br>FUJIAN PROVINCE, CHINA 353602 | BAILU INDUSTRIAL PARK, DONGPING VILLAGE, DONGPING TOWN, ZHENGHE COUNTY<br>FUJIAN PROVINCE, CHINA 353602 | TRADE PAYABLE | | | | $396,976.05 |
| 22 MATTEL INC<br><br>333 CONTINENTAL BOULEVARD<br>EL SEGUNDO, CA 90245 | PHONE: +1-310-252-2000<br>EMAIL: LICENSING.COLLECTIONS@MATTEL.COM | TRADE PAYABLE | | | | $376,073.28 |

Debtor      KidKraft, Inc. et al._____      Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | TARGET CORPORATION C/O VENDOR INCOME<br><br>PO BOX 860363 MINNEAPOLIS, MN 55486-0363 | EMAIL: VENDOR.INCOME@TARGET.COM | TRADE PAYABLE | | | | $294,769.94 |
| 24 | GIBSON, DUNN & CRUTCHER LLP<br><br>1050 CONNECTICUT AVE NW WASHINGTON DC 20036-5306 | PHONE: +1-213-229-7333 EMAIL: CBILLING@GIBSONDUNN.COM | LEGAL SERVICES | | | | $292,665.45 |
| 25 | HANDAN MEIJIANLI HARDWARE MANUFACTURING<br><br>SOUTHWEST DEVELOPMENT ZONE YONGNIAN COUNTRY, HANDAN CITY HEBEI PROVINCE, CHINA 056000 | PHONE: +86-108-021-3284 EMAIL: TOP@MEIJIANLI.COM | TRADE PAYABLE | | | | $292,568.22 |
| 26 | UNISHIPPERS<br><br>PO BOX 1560 MELBOURNE, FL 32902 | PHONE: +1-800-713-2111 / +1-866-998-7447 EMAIL: AR.TLG@UNISHIPPERS.COM | TRADE PAYABLE | | | | $291,568.54 |
| 27 | FEDEX TRADE NETWORKS (CAN)<br><br>BOX 916200, PO BOX 4090 STATION A TORONTO, ON, CANADA M5W0E9 | PHONE: +1-905-677-7381 / +1-800-463-3339 EMAIL: FTNC_TREASURY@FEDEX.COM | TRADE PAYABLE | | | | $244,011.26 |
| 28 | FUJIAN NEW JIAFENG WOOD INDUSTRY CO., LTD.<br><br>JISHAN INDUSTRIAL PARK, ECONOMIC DEVELOPMENT ZONE JIANGLE COUNTY, SANMING CITY FUJIAN PROVINCE, CHINA 353300 | PHONE: +86-598-226-2183 | TRADE PAYABLE | | | | $232,563.48 |
| 29 | FUJING PLASTIC PRODUCTS (SHENZHEN) CO LTD.<br><br>5/F, BUILDING B, CHANGPU INDUSTRIAL PARK BAOAN DISTRICT, SHENZHEN CITY GUANGDONG PROVINCE, CHINA 518125 | PHONE: +86-139-2525-8002 EMAIL: HAOTAI518@163.COM | TRADE PAYABLE | | | | $229,657.96 |
| 30 | DONG GUAN SHING FAI FURNITURE CO. LTD.<br><br>2ND AREA, SHANG DONG ADMIN DISTRICT, QI SHI TOWN DONG GUAN CITY GUANGDONG PROVINCE CHINA 532500 | PHONE: +86-867592751816 EMAIL: FIONAYAO@HUNGFAIGROUP.COM / TEOLIVIA@HUNGFAIGROUP.COM | TRADE PAYABLE | | | | $203,543.02 |

**KIDKRAFT INTERMEDIATE HOLDINGS, LLC**
**KIDKRAFT, INC.**
**KIDKRAFT INTERNATIONAL HOLDINGS, INC.**
**KIDKRAFT EUROPE, LLC**
**KIDKRAFT PARTNERS, LLC**
**KIDKRAFT INTERNATIONAL IP HOLDINGS, LLC**
**SOLOWAVE DESIGN CORP.**
**SOLOWAVE DESIGN HOLDINGS LIMITED**
**SOLOWAVE INTERNATIONAL INC.**
**SOLOWAVE DESIGN INC.**
**SOLOWAVE DESIGN LP**

## Written Consent of Directors, Managers, General Partners, Limited Partners, and Members

### May 9, 2024

The undersigned, constituting all of the members of each Consenting Body (as defined below), hereby take the following actions by unanimous written consent of such Consenting Body without a meeting pursuant to (a) the organizational documents of each Company and (b) Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act, and Subsection 129(1) of the Ontario Business Corporations Act, as applicable.

**WHEREAS,** (a) all of the members of the board of directors or board of managers, as applicable, of each of KidKraft, Inc., a Delaware corporation ("*KK OpCo*"), KidKraft International Holdings, Inc., a Delaware corporation ("*KK International*"), KidKraft Europe, LLC, a Delaware limited liability company ("*KK EUR*"), KidKraft Partners, LLC, a Delaware limited liability company ("*KKP*"), KidKraft International IP Holdings, LLC, a Delaware limited liability company ("*KK IP*"), Solowave Design Corp. d/b/a/ PlayDirect, a Delaware corporation ("*Solowave US*"), Solowave Design Holdings Limited, an Ontario corporation ("*SDHL*"), Solowave International Inc., an Ontario corporation ("*SII*"), and Solowave Design Inc., an Ontario corporation ("*Solowave Canada GP*"), (b) the sole member of KidKraft Intermediate Holdings, LLC, a Delaware limited liability company ("*KK Intermediate*") (being KidKraft Group Holdings, LLC, a Delaware limited liability company ("*Group Holdings*"); (c) the board of directors of Group Holdings in its capacity as the sole member of KK Intermediate; (d) the board of directors of Solowave Canada GP in its capacity as general partner of Solowave Design LP, an Alberta limited partnership ("*Solowave Canada LP*", together with KK OpCo, KK EUR, KKP, KK IP, Solowave US, SDHL, SII, Solowave Canada GP, KK Intermediate, and KK International, collectively the "*Companies*", and together SDHL, SII, Solowave Canada GP and Solowave Canada LP, the "*Canadian Debtors*"); and (e) the board of directors of SDHL in its capacity as limited partner of Solowave Canada GP, (the governing bodies set forth in (a) through (e) collectively, the "*Consenting Bodies*") hereby authorize and approve, in all respects, the adoption of the following resolutions set forth in this written consent. Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Purchase Agreement (as defined below):

**WHEREAS**, the Consenting Bodies have studied and considered the financial condition of the Companies, including the Companies' liabilities, contractual obligations, and liquidity, the short-term and long-term prospects available to the Companies, the strategic alternatives available to the Companies, including the sale and marketing process of the Companies and their assets conducted by Robert W. Baird & Co. ("**Baird**"), and the related circumstances and situation, including the current and reasonably foreseeable future conditions of the industry in which the Companies operate;

**WHEREAS**, the Consenting Bodies have consulted with the Companies' financial and legal advisors and considered a variety of strategic alternatives available to the Companies;

**WHEREAS**, Antares Capital, LP, Fifth Third Bank, NA, and PNC Bank, NA agreed to sell, and 1903 Partners, LLC ("**Gordon Brothers**") agreed to purchase, all outstanding obligations (the "**1L Debt**") under the Amended and Restated First Lien Credit Agreement, dated as of April 3, 2020 (as amended or otherwise modified from time to time), among KK OpCo, as borrower, KK Intermediate, the other guarantors party thereto from time to time, Antares Capital LP, as administrative agent and collateral agent, each lender from time to time party thereto and BBVA USA, as letter of credit issuer (the "**1L Debt Purchase**");

**WHEREAS**, Backyard Products, LLC (the "**Purchaser**"), has offered to purchase all of the right, title, and interest in, to, and under certain assets, free and clear of any and all pledges, options, charges, liabilities, liens, claims, encumbrances, successor liability or security interests, of the Companies and certain of its affiliates pursuant to that certain Asset Purchase Agreement dated as of April 25, 2024, by and among KK OpCo, KK IP, Solowave US, Solowave Canada GP, and Solowave Canada LP, as sellers, and the Purchaser, as buyer (the "**Sale Transaction**");

**WHEREAS**, the Consenting Bodies have determined that it is advisable and in the best interests of the Companies to (i) pursue the Sale Transaction pursuant to a pre-packaged chapter 11 plan of the Companies (the "**Plan**") or on a standalone basis pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Part IV of the *Companies' Creditors Arrangement Act* (Canada) ("**CCAA**" and the related recognition proceedings, the "**CCAA Recognition Proceedings**") in accordance with that certain Restructuring Support Agreement dated as of April 25, 2024 among (a) the Companies and certain affiliates of the Companies (b) Gordon Brothers, in its capacity as holder of the 1L Debt following the consummation of the 1L Debt Purchase, (c) the Purchaser, and (d) MidOcean US Advisor, L.P. ("**MidOcean**"), in its capacity as an equityholder of KidKraft Group Holdings, LLC, the direct parent company of KK Intermediate and indirect parent company of the other Companies (such agreement, together with the exhibits attached thereto, the "**RSA**") and (ii) file or cause to be filed voluntary petitions for relief (the "**Chapter 11 Petitions**," and the cases commenced thereby, the "**Chapter 11 Cases**") pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or another appropriate court (the "**U.S. Bankruptcy Court**") and CCAA Recognition Proceedings in the Ontario Superior Court of Justice (Commercial List) (the "**CCAA Court**"), and any and all documents necessary or convenient to effect, cause, or promote the reorganization of the Companies under chapter 11 of the Bankruptcy Code and the CCAA, in accordance with the RSA;

2

**WHEREAS**, the Consenting Bodies have reviewed the RSA, which contemplates, among other things, the consummation of a series of transactions (the "***Restructuring Transactions***") described therein, including the Sale Transaction, distribution of the proceeds thereof, and the orderly wind-down of the Companies and certain of their non-debtor affiliates;

**WHEREAS**, in accordance with the RSA, the Companies have prepared a solicitation package including  a Disclosure Statement for the Plan (including all schedules and exhibits, and together with the Plan, the "***Chapter 11 Documents***") and related ballots, notices, and other materials to be distributed to the holders of certain claims against the Companies in connection with soliciting their votes to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code and any applicable non-bankruptcy laws and within the meaning of section 1126 of the Bankruptcy Code (the "***Solicitation***");

**WHEREAS**, pursuant to the milestones set forth in the RSA, as extended by Gordon Brothers and the Purchaser, the Companies are required to commence solicitation of the Plan on or before May 9, 2024;

**WHEREAS**, the Consenting Bodies have reviewed the Chapter 11 Documents and, the Consenting Bodies, following consultation with the financial and legal advisors to the Companies, have determined that it is advisable and in the best interests of the Companies to commence the Solicitation;

**WHEREAS**, as contemplated by the RSA, (i) Gordon Brothers has agreed to provide post-petition financing to the Companies under a debtor-in-possession facility (the "***DIP Facility***"), on the terms and subject to the conditions set forth in the DIP Term Sheet attached as an exhibit to the RSA (Gordon Brothers, in its capacity as lender under the DIP Facility, the "***DIP Lender***"), and (ii) following the consummation of the Restructuring Transactions, all of the claims under the DIP Facility will be fully repaid;

**WHEREAS**, the Companies will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the claims held by Gordon Brothers;

**WHEREAS**, pursuant to a unanimous written consent duly adopted on April 30, 2024, the board of directors of Group Holdings established a special committee (the "***Group Holdings Special Committee***") for the purpose of evaluating, reviewing, and negotiating any potential restructuring transaction and making recommendations to the board of Group Holdings;

**WHEREAS**, pursuant to a unanimous written consent duly adopted on April 30, 2024, the board of directors of KK OpCo established a special committee (the "***KK OpCo Special Committee***" and, together with the Group Holdings Special Committee, the "***Special Committees***") for the purpose of evaluating, reviewing, and negotiating any potential restructuring transaction and making recommendations to the board of KK OpCo;

**WHEREAS**, the Special Committees have reviewed and considered the proposed Restructuring Transactions, the Chapter 11 Cases and the CCAA Recognition Proceedings, as contemplated therein and in this written consent, and have (x) determined that it is advisable, fair

to, and in the best interests of the Companies to approve and adopt the Restructuring Transactions, the Chapter 11 Cases and the CCAA Recognition Proceedings and (y) recommended that the board of directors of KK OpCo, Group Holdings, and the other Consenting Bodies pursue, adopt and approve the Restructuring Transactions, the Chapter 11 Cases and the CCAA Recognition Proceedings; and

**WHEREAS**, after review of (i) the financial condition of the Companies, the current and reasonably foreseeable future conditions of the industry in which the Companies operates, the outlook for the Companies' businesses and the other alternatives available to the Companies, (ii) the terms of the RSA and related documentation, (iii) the availability of the DIP Facility and consensual use of the Cash Collateral, and (iv) such other considerations as the Consenting Bodies deem relevant, the Consenting Bodies, following consultation with the financial and legal advisors to the Companies, have determined that it is advisable and in the best interests of the Companies to pursue consummation of the Sale Transaction and the Plan through the Chapter 11 Cases and CCAA Recognition Proceedings, as contemplated therein and as approved in this written consent.

### *Authorized Signatory*

**NOW, THEREFORE, BE IT RESOLVED,** that each of the individuals set forth below be, and each of them hereby is, elected and confirmed to the office of the applicable Company set forth opposite the name of such individual, to serve in accordance with applicable law and the organizational documents of such Company, each as may be amended from time to time, until his or her respective successor is appointed and qualified or until his or her earlier resignation, death, or removal; and that all acts and deeds taken by each such individual in such capacity prior to the date hereof that are within the authority conferred upon such officers pursuant to applicable law and the respective organizational documents, as applicable, of such Company, each as may be amended from time to time, are hereby approved, ratified, and confirmed in all respects.

| Company | Name of Officer | Title |
| --- | --- | --- |
| KidKraft Intermediate Holdings, LLC | Geoffrey Walker | Authorized Signatory |
| Solowave Design LP and Solowave Design GP in its capacity as general partner | Geoffrey Walker | Authorized Signatory |

### *Solicitation*

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve for the Companies to commence the Solicitation, consistent with the RSA and the resolutions set forth herein;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each duly appointed director or officer of each Company, including each Authorized Signatory appointed above, (each an "***Authorized Officer***" and, collectively, the "***Authorized Officers***")), to take such actions or cause to be prepared and/or executed any documents related to the Solicitation, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case,

as the Authorized Officer taking such action shall in his or her judgment determine to be necessary or appropriate to effectuate the Solicitation, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

### *Chapter 11 Filing*

**FURTHER RESOLVED**, that the Consenting Bodies hereby determine that it is advisable and in the best interests of the Companies to file the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize the Companies to file or cause to be filed the Chapter 11 Petitions pursuant to chapter 11 of the Bankruptcy Code with the U.S. Bankruptcy Court;

**FURTHER RESOLVED,** that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court on behalf of the Companies, the Chapter 11 Petitions, in such form as prescribed by the official forms promulgated pursuant to the Bankruptcy Code;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers, motions, applications, schedules, and pleadings necessary, appropriate, or convenient to facilitate the Chapter 11 Cases and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the Chapter 11 Cases, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the U.S. Bankruptcy Court all papers and pleadings that such Authorized Officer believes to be necessary or advisable to effect, cause, or further the Sale Transaction and the Plan and any and all other documents necessary to effectuate the Sale Transaction and the Plan, together with any amendments or modifications thereto, or any restatements thereof, in each case, as any Authorized Officer may approve;

### *CCAA Filing*

**FURTHER RESOLVED**, that the Consenting Bodies hereby determine that it is advisable and in the best interests of the Companies for KKOpCo, in its capacity as proposed foreign representative on behalf of itself and the Canadian Debtors, and, to the extent necessary or appropriate, other  Companies, to commence the CCAA Recognition Proceedings pursuant to Part IV of the CCAA in the CCAA Court;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize KKOpCo and any other applicable Companies to file or cause to be filed an application to commence the CCAA Recognition Proceedings with the CCAA Court;

**FURTHER RESOLVED,** that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the CCAA Court on behalf of the applicable Companies, the filings and other materials necessary to commence the CCAA Recognition Proceeding;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the CCAA Court all papers, motions, affidavits, notices, factums, applications, schedules, and pleadings necessary, appropriate, convenient or advisable to facilitate the CCAA Recognition Proceedings and all of its matters and proceedings, and any and all other documents necessary, appropriate, or convenient in connection with the commencement or prosecution of the CCAA Recognition Proceedings, each in such form or forms as the Authorized Officer may approve;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute, deliver, and file or cause to be filed with the CCAA Court all papers, motions, affidavits, notices, factums, applications, schedules and pleadings that such Authorized Officer believes to be necessary, appropriate, convenient or advisable to effect, cause, or further the Sale Transaction and the Plan and any and all other documents necessary to effectuate the Sale Transaction and the Plan related thereto, together with any amendments or modifications thereto, or any restatements thereof, in each case, as any Authorized Officer may approve;

### *Debtor-in-Possession Financing, Cash Collateral and Adequate Protection*

**FURTHER RESOLVED**, that the Consenting Bodies hereby determine that the Companies will obtain benefits from the loans and other financial accommodations under the DIP Facility and the consummation of the Financing Transactions under the DIP Loan Documents (each as defined below) which are necessary and appropriate to the conduct, promotion, and attainment of the business of the Companies;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and approve, in all respects, the Companies' entry into the DIP Facility, together with any agreements or documentation relating thereto (collectively, the "***DIP Loan Documents***"), and the performance of its obligations thereunder;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof, cause the Companies to perform their obligations under the DIP Loan Documents, or any amendments or modifications thereto that may be contemplated by, or required in connection with, the Restructuring Transactions or the Chapter 11 Cases or the CCAA Recognition Proceedings, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as any such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the Restructuring Transactions, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

6

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize the Companies to: (i) undertake any and all transactions contemplated by the DIP Loan Documents, on substantially the terms and subject to the conditions set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by the Consenting Bodies or any Authorized Officer; (ii) borrow funds from, provide guaranties to, pledge their assets as collateral to, and undertake any and all related transactions contemplated thereby (collectively, the "***Financing Transactions***," and each such transaction, a "***Financing Transaction***") with the DIP Lender and on such terms as may be approved by any Authorized Officer, as reasonably necessary or appropriate for the continuing conduct of the affairs of the Companies; (iii) execute and deliver and cause the Companies to incur and perform their obligations under the DIP Loan Documents and Financing Transactions; (iv) finalize the DIP Loan Documents and Financing Transactions, consistent in all material respects with the drafts thereof that have been presented to and reviewed by the Consenting Bodies; and (v) pay related fees and grant security interests in and liens upon some, any, or all of the Companies' assets, as may be deemed necessary by any Authorized Officer in connection with such Financing Transactions;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Companies to incur and perform its obligations under the DIP Loan Documents and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreements, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Loan Documents and the Financing Transactions, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Loan Documents, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to authorize the DIP Lender to file any UCC financing statements or other personal property financing statements, mortgages, notices, and any necessary assignments for security or other documents in the name of the Companies that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Lender may reasonably request to perfect the security interests granted under the DIP Loan Documents;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Loan Documents,

and to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, which shall in his or her sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Consenting Bodies hereby authorize the Companies to provide certain adequate protection to Gordon Brothers (the "***Adequate Protection Obligations***"), as documented in a proposed interim order (any such order, the "***Interim DIP Order***") and a proposed final order (any such order, the "***Final DIP Order***," and together with the Interim DIP Order, the "***DIP Orders***" and the orders of the CCAA Court in the CCAA Recognition Proceedings recognizing and giving effect to the DIP Orders in Canada, the "***Canadian DIP Recognition Orders***") described to the Consenting Bodies and submitted for approval to the U.S. Bankruptcy Court (and the CCAA Court, with respect to the Canadian DIP Recognition Orders);

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the form, terms, and provisions of the DIP Orders and the Canadian DIP Recognition Orders to which the Companies are or will be subject, and the actions and transactions contemplated thereby and authorize and empower each Authorized Officer to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the DIP Orders and the DIP Loan Documents (together with the DIP Orders and the Canadian DIP Recognition Orders, collectively, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on substantially the terms and subject to the conditions described to the Consenting Bodies, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution or delivery thereof;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize the Companies, as debtors and debtors in possession under the Bankruptcy Code, to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to take such actions as in their discretion is determined to be necessary, appropriate, or advisable and execute the Adequate Protection Transactions, including delivery of: (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"); (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by Gordon Brothers; and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Documents;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection

Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with these resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his or her sole judgment be necessary, appropriate, or advisable to perform any of the Companies obligations under or in connection with the DIP Orders or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of this written consent;

### *Retention of Professionals*

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the Companies' engagement of Vinson & Elkins L.L.P. ("***V&E***") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage V&E for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of V&E;

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the Companies' engagement of Robert W. Baird & Co. ("***Baird***") as investment banker to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Baird for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Baird;

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the Companies' engagement of Sierra Constellation Partners LLC ("***Sierra***") as financial advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Sierra for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Sierra;

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the Companies' engagement of Stretto, Inc. ("***Stretto***") as notice, claims, and solicitation agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code in the U.S. Bankruptcy Court, and to take any and all actions to advance the Companies' rights and obligations, is hereby approved, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Stretto for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an

appropriate application for authority to retain the services of Stretto;

**FURTHER RESOLVED**, that the Consenting Bodies hereby approve the Companies' engagement of Osler, Hoskin & Harcourt LLP ("*Osler*") as local Canadian insolvency counsel to represent and assist the Companies in carrying out their duties under the CCAA in the CCAA Recognition Proceedings, and to take any and all actions to advance the Companies' rights and obligations, including filings and pleadings, and each Authorized Officer is hereby authorized and empowered to take such actions as may be required to so engage Osler for such purposes; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Osler;

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code and the CCAA; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

### *General*

**FURTHER RESOLVED**, that the Consenting Bodies hereby authorize and empower each Authorized Officer, on behalf of the Companies, to certify and attest to any documents that he or she may deem necessary, appropriate, or convenient to consummate any transactions necessary to effectuate the foregoing resolutions; *provided*, such attestation shall not be required for the validity of any such documents;

**FURTHER RESOLVED**, that any and all actions heretofore or hereafter taken by the Authorized Officers, or any of them, within the foregoing resolutions, are, and each of them is, hereby ratified, confirmed and approved;

**FURTHER RESOLVED**, that the Authorized Officers are, and each of them is, hereby authorized and empowered in the name and on behalf of the Companies, to execute and deliver such agreements, instruments and documents, and to take or cause to be taken such other actions, as such Authorized Officer or Authorized Officers may determine to be necessary or advisable to implement the purposes and intent of the foregoing resolutions; each such agreement, instrument and document to be in such form and to contain such terms and conditions, consistent with the foregoing resolutions, as such Authorized Officer or Authorized Officers executing the same may approve, the execution and delivery of any such agreement, instrument or document by any such Authorized Officer or the taking of such action to be conclusive evidence of such authorization and approval;

**FURTHER RESOLVED**, that this consent may be executed and delivered by facsimile, .pdf or other electronic means, and such execution shall be considered valid, binding and effective for all purposes; and

**FURTHER RESOLVED**, that this consent may be executed and delivered in one or more counterparts, all of which taken together shall be considered to be one and the same written consent.

[*The remainder of this page is intentionally blank.*]

DocuSign Envelope ID: 266AB385-AFB3-4C29-8657-9AF9F34EEC22

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**BOARD OF DIRECTORS OF
KIDKRAFT, INC.**

_____

Daniel Penn

_____

Geoffrey Walker

_____

Jill Frizzley

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN CORP.**

_____

Geoffrey Walker

**BOARD OF DIRECTORS OF
KIDKRAFT INTERNATIONAL HOLDINGS,
INC.**

_____

Geoffrey Walker

[Signature page to Omnibus Written Consent]

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
SOLOWAVE INTERNATIONAL INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
KIDKRAFT GROUP HOLDINGS, LLC**

_____

Daniel Penn

_____

Geoffrey Walker

_____

Jill Frizzley

[Signature page to Omnibus Written Consent]

DocuSign Envelope ID: 3558B9FC-A639-4A5B-8B82-5F4FB4A4EAB9

**BOARD OF MANAGERS OF
KIDKRAFT EUROPE, LLC**

_____
Geoffrey Walker

**BOARD OF MANAGERS OF
KIDKRAFT PARTNERS, LLC**

_____
Geoffrey Walker

**BOARD OF MANAGERS OF
KIDKRAFT INTERNATIONAL IP
HOLDINGS, LLC**

_____
Geoffrey Walker

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN HOLDINGS LIMITED**

_____
Geoffrey Walker

DocuSigned by:

_____
F338D71DD39E42E...
Johnnie Goodner

[Signature page to Omnibus Written Consent]

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
SOLOWAVE INTERNATIONAL INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
KIDKRAFT GROUP HOLDINGS, LLC**

_____

Daniel Penn

_____

Geoffrey Walker

_____

Jill Frizzley

[Signature page to Omnibus Written Consent]

**SOLE MEMBER OF**
**KIDKRAFT INTERMEDIATE HOLDINGS,**
**LLC:**

KidKraft Group Holdings, LLC

By: _____
Name: Geoffrey Walker
Title: Chief Executive Officer

**GENERAL PARTNER OF**
**SOLOWAVE DESIGN LP:**

Solowave Design Inc.

By: _____
Name: Geoffrey Walker
Title: Chief Executive Officer

**LIMITED PARTNER OF**
**SOLOWAVE DESIGN LP:**

Solowave Design Holdings Limited

By: Its Board Of Directors:

_____

Geoffrey Walker

DocuSigned by:

_____
F338D71DD39E42E...

Johnnie Goodner

[Signature page to Omnibus Written Consent]

DocuSign Envelope ID: 2DEF45FD-3759-4626-89E3-CBA04FE01649

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**BOARD OF DIRECTORS OF KIDKRAFT, INC.**

*Daniel Penn*
Daniel Penn

_____
Geoffrey Walker

_____
Jill Frizzley

**BOARD OF DIRECTORS OF SOLOWAVE DESIGN CORP.**

_____
Geoffrey Walker

**BOARD OF DIRECTORS OF KIDKRAFT INTERNATIONAL HOLDINGS, INC.**

_____
Geoffrey Walker

[Signature page to Omnibus Written Consent]

DocuSign Envelope ID: 2DEF45FD-3759-4626-89F3-CBA04FE01649

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
SOLOWAVE INTERNATIONAL INC.**

_____

Geoffrey Walker

_____

Johnnie Goodner

**BOARD OF DIRECTORS OF
KIDKRAFT GROUP HOLDINGS, LLC**

_____
Daniel Penn

_____

Geoffrey Walker

_____

Jill Frizzley

[Signature page to Omnibus Written Consent]

DocuSign Envelope ID: 98451958-8326-46C9-BD4D-20B16EB31963

IN WITNESS WHEREOF, the undersigned have executed this written consent to be effective as of the date first written above.

**BOARD OF DIRECTORS OF
KIDKRAFT, INC.**

_____
Daniel Penn

_____
Geoffrey Walker

_____
Jill Frizzley

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN CORP.**

_____
Geoffrey Walker

**BOARD OF DIRECTORS OF
KIDKRAFT INTERNATIONAL HOLDINGS,
INC.**

_____
Geoffrey Walker

[Signature page to Omnibus Written Consent]

DocuSign Envelope ID: 52774854-8D05-4237-A933-4328ABB4B322

**BOARD OF MANAGERS OF
KIDKRAFT EUROPE, LLC**

DocuSigned by:

*Geoffry Walker*

Geoffrey Walker

**BOARD OF MANAGERS OF
KIDKRAFT PARTNERS, LLC**

DocuSigned by:

*Geoffry Walker*

Geoffrey Walker

**BOARD OF MANAGERS OF
KIDKRAFT INTERNATIONAL IP
HOLDINGS, LLC**

DocuSigned by:

*Geoffry Walker*

Geoffrey Walker

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN HOLDINGS LIMITED**

DocuSigned by:

*Geoffry Walker*

Geoffrey Walker

_____

Johnnie Goodner

[Signature page to Omnibus Written Consent]

**BOARD OF DIRECTORS OF
SOLOWAVE DESIGN INC.**

DocuSigned by:

_Geoffry Walker_
_____
Geoffrey Walker

_____
Johnnie Goodner

**BOARD OF DIRECTORS OF
SOLOWAVE INTERNATIONAL INC.**

DocuSigned by:

_Geoffry Walker_
_____
Geoffrey Walker

_____
Johnnie Goodner

**BOARD OF DIRECTORS OF
KIDKRAFT GROUP HOLDINGS, LLC**

_____
Daniel Penn

DocuSigned by:

_Geoffry Walker_
_____
Geoffrey Walker

_____
Jill Frizzley

[Signature page to Omnibus Written Consent]

**Fill in this information to identify the case and this filing:**

Debtor Name __KidKraft Partners, LLC__

United States Bankruptcy Court for the: __Northern__ District of __Texas__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule ____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration_____Corporate Ownership Statement; List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/10/2024__        ✗ __/s/Geoffrey Walker__
MM / DD / YYYY                Signature of individual signing on behalf of debtor

__Geoffrey Walker__
Printed name

__Chief Executive Officer__
Position or relationship to debtor